**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DARREL BRAUN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1166 C/W 18-4246** |
| **UNITED STATES FEDERAL GOVERNMENT** | **SECTION: "H"(5)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petitions for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE.**

**Factual and Procedural History**

Before the Court are consolidated petitions for writ of habeas corpus filed by pro se petitioner Darrel Braun pursuant to 28 U.S.C. § 2254. At the time of the filing of these petitions, Braun was confined at the East Louisiana Mental Health System, Secure Forensic Facility, in Jackson, Louisiana.

On May 4, 2006, Darrel Braun was charged by bill of information in Jefferson Parish

with misdemeanor stalking (Case No. 06-2287).[1] On July 26, 2006, he was charged by bill of information with two counts of battery of a police officer requiring medical attention (Case No. 06-3869).[2] On September 5, 2006, Case No. 06-2287 was ordered transferred to the docket of the Honorable Judge Pitre, Division G, where the felony charge for Case No. 06-3869 was pending. Appointed counsel, Mark Nolting, represented Braun in his criminal proceedings. Defense counsel adopted all motions previously filed in connection with Braun's competency. The court ordered a sanity commission to examine Braun and report on his mental condition. On November 8, 2006, the State and the defense stipulated to the written reports of the examining physicians finding that Braun lacked the mental competency to proceed and the trial court ruled that Braun was not competent to stand trial. The trial judge issued an Order of Commitment remanding Braun to the custody of the Department of Health and Human Resources to be maintained in custody at the forensic unit at the Feliciana Forensic Facility at Jackson, Louisiana, in accordance with Louisiana Code of Criminal Procedure Article 648.[3] The Superintendent of the facility was required to issue a written progress report every six months.

On October 16, 2008, after receiving a report by the Superintendent indicating that Braun was presently able to understand the proceedings against him and to assist in his

---

1 State Rec., Vol. 2 of 8, Bill of Information in Case No. 06-2287.

2 State Rec., Vol. 3 of 8, Bill of Information in Case No. 06-3869.

3 State Rec., Vol. 4 of 8, Minute Entry, 11/8/06; Order of Commitment.

defense, the trial court issued an Order appointing a Sanity Commission to examine and evaluate Braun.[4] On November 12, 2008, a competency hearing was held and Braun was found competent to stand trial.[5] Braun's counsel moved to withdraw his former plea of not guilty and enter a plea of "not guilty and not guilty by reason of insanity."[6] He also filed a motion to appoint a sanity commission pursuant to Louisiana Code of Criminal Procedure Article 650.[7] The trial court appointed a sanity commission to evaluate Braun's mental condition at the time of the offense.

On January 21, 2009, after hearing testimony by expert medical witness and appointee, Dr. Rafael Salcedo, regarding his examination and report, the State and the defense stipulated to the report, and the trial court found Braun not guilty by reason of insanity on the count of stalking and the two counts of battery of a police officer.[8] On March 12, 2009, the trial court found that Braun was not in need of inpatient treatment and conditionally released him on supervised/active probation to reside at Gateway Recovery

[4] State Rec., Vol. 4 of 8, Order, 10/8/08.

[5] State Rec., Vol. 4 of 8, Minute Entry, 11/12/08.

[6] State Rec., Vol. 4 of 8, Change of Plea Under LCCrP Art. 561 filed 11/17/08.

[7] State Rec., Vol. 4 of 8, Motion to Appoint Sanity Commission filed 11/17/08.

[8] See State Rec., Vol. 4 of 8, Tab 13, Minute Entry, 1/21/09 (Case No. 06-2287); State Rec., Tab 5, Vol. 1 of 8, Minute Entry 1/21/09 (Case No. 06-3869).

Program in Harvey, Louisiana and to attend the Forensic Aftercare Clinic.[9]

Later that year, following an incident at the clinic and a formal written report of noncompliance with the clinic requirements, Braun was taken into custody.[10] The trial court ordered a sanity commission consisting of Drs. Rafael Salcedo and Richard Richoux to evaluate Braun's mental condition. On January 13, 2010, after considering the stipulation by the State and defense to the report and the State's evidence (*i.e.*, incident report, letter of noncompliance and competency letter), the district judge signed an order revoking Braun's supervised probation, terminating the conditional release program and ordering his recommitment to Eastern Louisiana Mental Health System, Forensic Division, pursuant to Louisiana Code of Criminal Procedure Article 658(B)(4). The order stated that he was "in need of indefinite hospitalization subject to consideration for discharge or release on probation in accordance with the procedures prescribed in Articles 655 through 657."[11] The Superintendent was ordered to provide the trial court with progress reports every six months regarding Braun's mental condition and whether he could be discharged, conditionally or unconditionally, without being a danger to others or himself.[12]

---

9 State Rec., Vol. 4 of 8, Judgment of Supervised Probation, 3/12/09.

10 State Rec., Vol. 4 of 8, Incident Report (October 27, 2009); Letter from the District Forensic Coordinator detailing Braun's noncompliance (October 30, 2009).

11 State Rec., Vol. 4 of 8, Minute Entry, 1/13/10.

12 State Rec., Vol. 4 of 8, Probation Revocation and Order of Recommitment, 1/13/10.

Braun sought relief from the Louisiana Fifth Circuit Court of Appeal. On July 20, 2010, the court of appeal denied his writ application in which he claimed the district court improperly revoked his supervised probation and committed him to the East Louisiana State Forensic Hospital. The court of appeal found the application untimely and procedurally deficient in form. The court of appeal also concluded that the trial court did not err in revoking his probation under Louisiana law.[13] The Louisiana Fifth Circuit denied his request for a rehearing.[14] On or about September 9, 2010, he filed a related supervisory writ application with the Louisiana Supreme Court. His writ application was denied on September 30, 2011.[15]

In early 2011, Braun also submitted two applications for post-conviction relief to the state district court requesting reevaluation of his competency and mental health status.[16] The record contains a letter dated April 11, 2011, from the en banc attorney to the clerk of court, stating that she was returning the record with the post-conviction relief application because he was never convicted and it did not constitute a post-conviction case. No ruling

---

[13] State Rec., Vol. 4 of 8, *State v. Braun*, 10-KH-521 (La. App. 5th Cir. July 20, 2010).

[14] State Rec., Vol. 4 of 8, *State v. Braun*, 10-KH-667 (La. App. 5th Cir. August 30, 2010).

[15] *State ex rel. Braun v. State*, 2010-KH-2150 (La. 9/30/11), 71 So.3d 274; State Rec., Vol. 5 of 8.

[16] State Rec., Vol. 4 of 8, Uniform Applications for Post-Conviction Relief signed and dated 1/10/ 11 and 1/23/11, but stamped as filed for the record in April 2011. *See also* State Rec., Vol. 2 of 8, Docket Master Entry, 4/6/11.

appears in the record.

On or about November 2, 2012, Braun challenged his sentence in the trial court, asserting that he was not being provided credit for time served. The trial court denied the motion as improperly filed in the 24th J.D.C., rather than the 19th J.D.C., because it challenged the calculation of his sentence.[17] Braun then sought relief in the 19th J.D.C., but was informed that it was a matter for the Department of Corrections.[18]

On or about August 4, 2014, Braun filed with the district court a document styled, "Writs of Habeas Corpus and Motion the Court Consider Particular Stated 'Medical' Special Circumstances as same applies," with attached letters he sent to various entities and individuals referencing how his blood plasma could be a potential cure for AIDS.[19] On or about September 8, 2014, the trial court filed separately a letter he submitted to the court with an "Appendieum #II," referencing the above-mentioned motion and attaching a letter from the AIDSinfo Agency. On September 15, 2014, the trial court issued an order denying his "letter to the court."[20]

On September 24, 2014, the trial court ordered a psychiatric examination of Braun by Drs. Rafael Salcedo and Richard Richoux. The examination was scheduled for October 22,

---

[17] State Rec., Vol. 5 of 8, Order, 12/14/12.

[18] State Rec., Vol. 5 of 8, 19th JDC Responses, 8/6/13 and 8/30/13.

[19] State Rec., Vol. 5 of 8.

[20] State Rec., Vol. 5 of 8, Order, 9/15/14.

2014. A contradictory hearing was set for November 5, 2014. In connection with his hearing, Braun filed a "Motion to Disregard Sentence in Report to the Court as Misleading found in History of Petitioner."[21] Following the hearing, the trial court found that Braun was no longer in need of inpatient treatment and ordered him conditionally released from Eastern Louisiana Mental Health System on supervised/active probation (pursuant to Louisiana Code of Criminal Procedure articles 657, 658 and 895), provided he receives adequate outpatient treatment, supervision and monitoring, pursuant to Louisiana Code of Criminal Procedure article 657.1, for a period of five (5) years, which may be extended each year after the completion of the period by contradictory hearing.[22] Braun was to reside at the Secure Forensic Facility, a group home located on the grounds of Eastern Louisiana Mental Health System, in Jackson, Louisiana, with his progress and compliance being reported to the court and the probation officer by the District Forensic Coordinator no later than 90 days after his admission to the Secure Forensic Facility, and every 180 days thereafter.

On December 2, 2015, based upon the recommendation by the Director of Community Forensic Services and on motion by appointed counsel, the trial court approved Braun's

---

[21] State Rec., Vol. 5 of 8, Braun's motion stamped as filed for the record October 28, 2014.

[22] State Rec., Vol. 5 of 8, Tab 14, Order for Supervised Probation, 11/5/14; *see also* Minute Entry, 11/5/14.

request to be allowed to participate in excursions with the staff.[23] The final supervision plan of record is signed and dated January 22, 2016.[24] The conditions of probation associated with the plan, signed by Braun on March 8, 2016, include residing at the Secure Forensic Facility on the grounds of Eastern Louisiana Mental Health System in Jackson, Louisiana.

On or about January 20, 2016, Braun filed a motion for evidentiary hearing requesting a less-restrictive environment and change of address based on his current mental status.[25] He also filed an application for writ of habeas corpus, motion to disregard sentence and motion to request assistance of the clerk of court's office.[26] He filed a related application for writ of mandamus with the Louisiana Fifth Circuit seeking an order from the court that

---

23 State Rec., Vol. 5 of 8, Tab 17, Minute Entry, 12/2/15; Tab 19, Letter of Recommendation by the Director for excursion pass privilege, 10/8/15.

24 State Rec., Vol. 2 of 9. The supervision plan includes a reference to an adjudication of not guilty by reason of insanity and imposition of a sentence on December 2, 2015, for stalking and battery of a police officer with an order of supervised probation for a period of five years. The plan references an expiration date of December 2, 2020, presumably based on the date of the sentence imposed. This is a plan of supervision signed by probation and parole officer, Jessica Luebke, and not an order, as the state-court record reflects was signed by the trial court judge in November 2014. Braun sent a letter to Ms. Luebke dated May 29, 2017 questioning the dates referenced in the 2016 supervision plan. State Rec., Vol. 6 of 9.

25 State Rec., Vol. 5 of 8, Motion for Evidentiary Hearing postmarked January 20, 2016 and stamped as filed for the record on January 25, 2016.

26 Despite the signature dates, the motions are all date-stamped as filed January 25, 2016.

his motions be set for hearing.[27] The court of appeal denied his writ because the motions were set for hearing on March 23, 2016.[28] A minute entry for March 23, 2016 reflects that Braun did not appear for the hearing and it was reset for April 20, 2016. On April 20, 2016, the trial court denied Braun's motions.[29] According to the state-court record, Braun has filed no other challenges in the state courts with regard to the last supervised order of probation imposed by the trial court in November 2014.

Braun initially filed his federal applications for relief in the United States District Court for the Middle District of Louisiana. The cases were transferred to this Court and consolidated.[30] His federal applications for relief consist primarily of fantastical allegations of conspiracies to ensure his restraint and paranoid delusions about attempted assassination.[31] The State argues that even broadly and liberally construing his federal

---

[27] State Rec., Vol. 7 of 8.

[28] State Rec., Vol. 5 of 8, *Braun v. 24th J.D.C.*, 16-KH-137 (La. App. 5th Cir. March 22, 2016).

[29] State Rec., Vol. 5 of 8, Minute Entry, 4/20/16.

[30] Rec. Doc. 3, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. *See also* Member Case No. 18-4246-JTM-MBN, Rec. Doc. 8.

[31] The Court notes that over the years Braun has filed numerous federal civil rights complaints under 42 U.S.C. § 1983, that have been dismissed as frivolous, malicious or for failing to state a claim for which relief can be granted. He is now barred from filing additional civil complaints *in forma pauperis* in the federal courts pursuant to the "three-strike" rule set out in 28 U.S.C. § 1915(g). *See, e.g.*, Civ. Action No. 07-5990 "C"(5) (E.D. La. 2007).

applications to state any sort of valid claim regarding improper confinement pursuant to court order of supervised probation issued by the 24th Judicial District Court for Jefferson Parish, his petitions should be dismissed because he has failed to exhaust available state remedies.[32] For the following reasons, the Court finds that the consolidated federal applications are subject to dismissal without prejudice for failure to exhaust state remedies.

**Analysis**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

---

[32] Rec. Doc. 16, pp. 6-7.

In order to exhaust fully, the substance of the federal habeas claim must be fairly presented to the highest state court. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). The requirement applies to *all* levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin*, 541 U.S. at 29 (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). "This requirement is not satisfied if the petitioner presents *new legal theories* or *new factual claims* in his federal application." *Id.* at 387 (emphasis added) (citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)). Nor is the fair presentation standard satisfied if the state court must read beyond the petition or brief, for instance to a lower court opinion, to identify the claim. *See Baldwin*, 541 U.S. at 32.

As the procedural history outlined above reflects, and as the State correctly notes, Braun's current conditional release and confinement in a group home stems from the state

trial court's November 2014 order. It is that that which provides the basis for Braun's current § 2254 challenge. He is required to exhaust all claims related to the 2014 trial-court order by presenting them to the state's highest court (*i.e.*, the Louisiana Supreme Court). *Poree v. Kollins*, Civil Action No. 12-1068, 2014 WL 346081, at *2 (E.D. La. Jan. 29, 2014), *aff'd*, 866 F.3d 235 (5th Cir. 2017); *Summers v. State of Louisiana*, Civil Action No. 15-157, 2015 WL 9875208, at *5 (E.D. La. Nov. 4, 2015), *report and recommendation adopted*, 2016 WL 236270 (E.D. La. Jan. 20, 2016). The record confirms, however, that he has not challenged the order in either the intermediate state court of appeal or the Louisiana Supreme Court. His last supervisory writ application was filed with the Louisiana Supreme Court in 2010. That writ application was denied on September 30, 2011. He has filed nothing with the Louisiana Supreme Court since that time. A Westlaw search revealed no subsequent writ decisions for Braun issued by the Louisiana Supreme Court, and a phone call from the undersigned's staff to the Clerk's Office of the Louisiana Supreme Court confirmed that Braun has filed no additional writ applications with that court.

Upon thorough review, it is clear that Braun has not sought relief in the Louisiana Supreme Court. He has not given the state courts the opportunity to review the claims included in his federal application for relief. He therefore has not exhausted his state remedies as required by federal law.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Braun's consolidated applications for federal habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[33]

New Orleans, Louisiana, this 12th day of September, 2018.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

[33] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.